This action is to establish a partnership between complainant Marguerite Laterra (now Piccione) and her brothers-in-law, John and Joseph Laterra, defendants, and for an accounting. *Page 163 
The bill was dismissed as to Joseph on motion of complainant. The learned Vice-Chancellor found the fact to be that a partnership existed between Marguerite and John Laterra and advised a decree for an accounting from May, 1936. We are in accord with the conclusions and reasoning of the Vice-Chancellor as expressed in his opinion that such partnership existed, but we think that it was terminated by John on May 15th, 1936, and that therefore the accounting should be to ascertain the value of Marguerite's interest as of that time.
The facts briefly are that three brothers, John, Joseph and Angelo Laterra, conducted a poultry farm in 1929 on premises purchased by them, where they and their families lived together under the same roof. They all worked together in the business. In 1930, a disagreement having arisen, they divided their business assets. Each thereafter engaged in the business separately from the others, each maintaining his own poultry houses or coops. Angelo died on January 14th, 1932, at which time Joseph sold his chickens and coops to John and moved away. To support her claim of a partnership Angelo's widow, the complainant, testified that a month or two after the death of Angelo she and John entered into a partnership to carry on the business, she contributing the stock formerly belonging to her husband and her services as well, while John contributed his stock which included what he had purchased from Joseph. The arrangement, according to the complainant, was that she was to have a one-third interest in the business and John, a two-third. John purchased the stock and supplies and managed the business; she assisted in the work connected with the business, on the premises. She lived there until she remarried in 1938, when she left and took residence with her present husband, Piccione. She claimed that she had had a weekly accounting from John of the partnership affairs; that the entries in a book kept by her showed the receipts and disbursements as reported by him and that up to May 15th, 1936, she received from him her share of the profits. John denies any partnership with her and says that he boarded Marguerite and her child in exchange for her services in the business. He does not *Page 164 
deny nor indeed admit having paid her moneys from time to time. The so-called record book was admitted in evidence over objection, and it is urged that its admission was reversible error. We think not. These parties were quite illiterate, and no regular books of account were kept except this rather crude memorandum book in which entries were made by Marguerite with the knowledge of John. It was on the basis of the figures in this book that the profits were divided. The entries were made contemporaneously with the act of accounting and tended to show the intention of the parties to carry on this business as partners. It was admissible as part of the res gesta. Cf. Kelly
v. Pitney, 98 N.J. Law 773; 121 Atl. Rep. 593, and cases therein cited. We think the Vice-Chancellor was fully justified by the evidence in finding as a fact that a partnership had existed.
There was no definite term of the partnership, and it could be dissolved at the expressed will of either partner. R.S.42:1-31. On May 15th, 1936, John made the last payment to Marguerite and denied her further payments. From that date she was otherwise employed and performed no further services in the business, although she continued to live on the premises until her remarriage in 1938. Under these circumstances we conclude that a dissolution of the partnership occurred on May 15th, 1936. It seems to us that the main contribution to the success of this business was the personal skill, time and diligence of each member of the firm rather than the use of the capital contributed and that it would not be equitable for Marguerite to participate in any profits which may have been made after the dissolution and to which she contributed no services whatever. Cf. Lindley onPartnership (4th ed.) 979; Phillips v. Reeder and Prior,18 N.J. Eq. 95. She is entitled to have the value of her interest in the partnership as of the said date of dissolution and interest on that amount from that time.
The decree appealed from will be modified in accordance with these views.
 For affirmance — DONGES, PERSKIE, WELLS, RAFFERTY, JJ. 4. *Page 165 
 For reversal — HEHER, J. 1.
For modification — THE CHIEF-JUSTICE, PARKER, CASE, BODINE, PORTER, COLIE, DEAR, HAGUE, THOMPSON, JJ. 9.